UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Georgia M. Brown,

          Plaintiff,      Case No. 22-11544

v.

                              Judith E. Levy
                              United States District Judge

Andrew J. Laurila and Michael
Goetz,                           Mag. Judge Jonathan J.C. Grey

          Defendants.
_____/

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DISMISSING CASE WITHOUT PREJUDICE**

On July 7, 2022, Plaintiff Georgia M. Brown, who proceeds *pro se*, filed the complaint in this case. It appears that this complaint arises from Plaintiff's dissatisfaction with her legal representation in a different case in this District, *Brown v. United Health Group - OPTUM Division*, 16-cv-10618 (Lawson, J.), and her disagreement with the Michigan Attorney Grievance Commission's finding that her previous attorney adequately represented her. (*See* ECF No. 1.) Plaintiff is suing her former attorney, Defendant Andrew J. Laurila, and the Administrator of the Michigan Attorney Grievance Commission ("MAGC"), Michael Goetz.

Plaintiff requests permission to proceed without prepaying fees or costs (*in forma pauperis*). (ECF No. 2.) The *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1) states: "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." Plaintiff is retired and her largest asset is her house. (ECF No. 2.) However, she reports no other savings and that her monthly expenses are greater than her income. Based on this, Plaintiff satisfies the requirements under 28 U.S.C. § 1915(a)(1) and her application to proceed without prepayment of fees is granted.

Because Plaintiff proceeds *in forma pauperis*, the Court must screen her complaint to see if it fails to state a claim or is frivolous. 28 U.S.C. § 1915(e)(2)(B). When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt

*pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Plaintiff's complaint is sparse. Her statement of the claim, in full, is as follows:

> 1. Attorney Laurila 1. Failed to file timely – deliberately causing case dismissal 1/2018.[1] 2. Fraud upon the [f]ederal [c]ourt: Lied- said I agreed to a stipulation to have my [Elliott-Larsen Civil Rights Act] claims dismissed w[ith] Prejudice- [d]iscovered 9/21. Therefore, the [s]tate nor the [f]ederal[c]Claims [ ] [n]ever had Due Process/ [f]orfeited via negligence. 4. Fraud- lied to the [Attorney Grievance Committee] 4/2021 – Response that he [n]ever attempted to have my [s]tate [c]laims dismissed, juxtapose to the written order which he pursued, impeached his responses to the [Attorney Grievance Committee]; discovered- 9/27/21. The [Attorney Grievance Committee] deems his misconduct as adequate [r]epresentation based on fraudulent information. The [Attorney Grievance Committee] has upheld his fraudulent conduct, [n]egligence and violations of the Professional Rules of Conduct as "Adequate Representation[.]"

The complaint is frivolous or subject to dismissal if it provides no basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916 (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the

---

[1] It appears that Plaintiff is referencing the dismissal of a case in this District in which Mr. Laurila represented her. *See Brown v. United Health Group - OPTUM Division*, 16-cv-10618 (ECF No. 56.)

3

face of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction."); *accord Price v. Cox*, No. 10-CV-14224, 2011 WL 163372, at *3 (E.D. Mich. Jan. 18, 2011) (collecting cases). Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have "only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Id.* The Constitution and Congress have provided the federal courts with the authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Federal question jurisdiction under 28 U.S.C. § 1331 arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Plaintiff identifies "federal question" as the basis of the Court's jurisdiction and sets forth the basis for this jurisdiction as "Obstruction of Justice, based

4

on 18 U.S.C. § 1503 Due Process of Law, and The Constitution's Fourteenth Amendment, 2). Rule 60 (d) (3) Fraud upon the Court, 3). MCL 600.5807 -Breach of Contract 4). Violations of Professional Rules of Conduct." (ECF No. 1, PageID.3.)

Even liberally construing the Complaint "to encompass any allegation stating federal relief," the Court is unable to discern a viable federal claim on the face of the complaint. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (internal quotation marks and citation omitted). Addressing each purported basis for federal question jurisdiction in the order Plaintiff listed them, there is no cognizable federal question. First, Plaintiff cannot assert a claim under 18 U.S.C. § 1503—a criminal statute—because only the government may bring claims under criminal statutes, not individuals like Plaintiff. The Fourteenth Amendment, protects individuals from actions of a state, but because Laurila is not a state actor, Plaintiff cannot make out a Fourteenth Amendment claim against him. *See, e.g.*, *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004). Plaintiff's Fourteenth Amendment claim against Goetz, the grievance administrator of the MAGC, fails because MAGC employees like Goetz are entitled to absolute quasi-judicial immunity at

5

all times when performing their statutory functions, such as addressing complaints against attorneys. *See James v. Anderson*, No. 12-10273, 2018 WL 6171474, at *20 (E.D. Mich. Nov. 26, 2018) (quoting *Eston v. Van Bolt*, 728 F. Supp. 1336, 1338–39 (E.D. Mich. 1990)). Plaintiff references Federal Rule of Civil Procedure 60(d)(3) in her description of the basis for federal question jurisdiction, which outlines the power of the Court to grant relief but does not set forth a basis for a claim that can be asserted in a different case.[2] *See* Fed. R. Civ. P. 60(d)(3). Finally, Plaintiff does not raise her third or fourth claim under federal law or the Constitution. Thus, subject matter jurisdiction in this case is not based upon a federal question, and the Court lacks jurisdiction pursuant to 28 U.S.C. § 1331.

---

[2] Because Plaintiff references Federal Rule of Civil Procedure 60(d)(3), which outlines a mechanism to set aside a judgment of the Court, it appears that she seeks to set aside a decision, although it is unclear whether Plaintiff seeks to set aside the decision of the attorney grievance commission or the judgment in *Brown v. United Health Group - OPTUM Division*, 16-cv-10618 (ECF No. 56.) In any event, the Court cannot properly apply Federal Rule of Civil Procedure 60(d)(3) to either. A decision of the MAGC is not a "judgment," as the term is used in the Federal Rules of Civil Procedure, because it cannot be appealed to federal court. *See* Fed. R. Civ. P. 54 ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."). If Plaintiff seeks to set aside the judgment in *Brown v. United Health Group - OPTUM Division*, 16-cv-10618, she must file a motion to set aside the judgment in that case. The Court notes that the Sixth Circuit has already dismissed Plaintiff's appeal of the dismissal of 16-cv-10618. *See Brown v. United Health Group - OPTUM Division*, 18-1357 (6th Cir. June 1, 2018).

There is no diversity of citizenship in this case, either. Federal jurisdiction based upon diversity of citizenship is found in cases between "citizens of different states" where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must show that she is a citizen of one state and all of the defendants are citizens of other states. A person's citizenship for purposes of diversity jurisdiction is the state where she is domiciled. *See, e.g.*, *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019).

Here, Plaintiff lists her address as Southfield, Michigan. Plaintiff does not expressly identify the citizenship of the Defendants, but both are based in Michigan, with Laurila located in Royal Oak and Goetz in Troy. Therefore, the Complaint suggests that Plaintiff and the Defendants are all citizens of Michigan, depriving the Court of subject matter jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

The Court finds that it does not have subject matter jurisdiction over this action under § 1332 or § 1332. Accordingly, the Court GRANTS Plaintiff's motion to proceed *in forma pauperis* and DISMISSES Plaintiff's case.

7

IT IS SO ORDERED.

Dated: July 25, 2022          s/Judith E. Levy
Ann Arbor, Michigan       JUDITH E. LEVY
                                           United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 25, 2022.

                                         s/William Barkholz
                                         WILLIAM BARKHOLZ
                                         Case Manager